# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACQUELINE L. DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 10-CV-827-TCK-FHM |
| | ) |
| SAFECO INSURANCE COMPANY | ) |
| OF AMERICA, a Foreign Corporation, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff's Motion to Compel [Dkt. 24] is before the Court for decision. Defendant has filed a response [Dkt. 30] and Plaintiff has filed a reply [Dkt. 37]. This order will address only the discovery requests which Plaintiff identified in her reply brief as still in dispute.

Interrogatory No. 8:

Plaintiff asked for the facts Defendant discovered between August 15, 2010 and March 24, 2011. Defendant responded that all of the facts are included or referred to in the claim file. Plaintiff contends Defendant's response is non-responsive and notes that portions of the claim file have not been produced based on claims of privilege or work product protection.

The Court understands Defendant's response as a representation to the Court that no facts have been withheld as privileged or protected. A review of the privilege log shows that all of the documents were created after the litigation was filed and are communications with defense counsel. The Court finds that the production of the claim

file is responsive under Fed.R.Civ.P. 33(d). Plaintiff's Motion to Compel is, therefore, denied as to Interrogatory No. 8.

Interrogatory No. 11(b):

Plaintiff asked Defendant to state the date the claim was acknowledged as being due and payable by Defendant. Defendant responded that the claim file documents the information as it was available to Defendant and the timing of the decision to make payments. Plaintiff contends Defendant's response is insufficient and should include what obligations Defendant recognized, when and why.

The Court rejects Plaintiff's argument that Interrogatory No. 11(b) calls for Defendant to state what obligations Defendant recognized when and why. Defendant's response that the claim file contains the responsive information is sufficient. To the extent Plaintiff needs an explanation of the information in the claims file, Plaintiff can depose the employees who handled the claim. Plaintiff's Motion to Compel is denied as to Interrogatory No. 11(b).

Interrogatories Nos. 12, 14-18, 20, 21 and 23; Requests for Production Nos. 23, 25-28:

These requests seek a large amount of information concerning Defendant's use and analysis of UIM computer software claims adjusting programs. In her motion, Plaintiff points to documents which indicate that Defendant used Decision Point Medical Expert Software in this claim. Defendant responds that it does not use UIM computer software claims adjusting programs, that Decision Point Medical Expert review is not a UIM computer software claims adjusting program, that Decision Point Medical Expert review is not used to evaluate Oklahoma UM claims but Plaintiff's medical information was sent for review by Decision Point Medical Expert review by mistake. Plaintiff

seems to argue that the Decision Point Medical Expert software is a UIM computer software claims adjusting program but Defendant denies this characterization and apparently denies that the Decision Point Medical Expert software was relied upon this case.

In light of Defendant's statement that it does not use UIM computer software claims adjusting programs, there is no responsive information that the Court can compel Defendant to provide.

Plaintiff's Motion to Compel is denied as to Interrogatories Nos. 12, 14-18, 20, 21 and 23; and Requests for Production Nos. 23, 25-28 without prejudice to Plaintiff providing the Court with additional information on Defendant's use and reliance on the Decision Point Medical Expert software.

Interrogatory No. 13:

Plaintiff asked Defendant to describe the actions it took to determine the range of compensation in evaluating Plaintiff's UIM claim. Defendant responded that the information is in the claim file. Plaintiff contends that Defendant's response is deficient because it is not apparent from the claims file how the adjuster arrived at his evaluation and Defendant's correspondence with its attorneys is not privileged.

Defendant's production of the claim file is responsive under Fed.R.Civ.P. 33(d). Plaintiff's complaint that it is not apparent how the adjuster arrived at his evaluation can be addressed in a deposition of the adjuster. Plaintiff's assertion that Defendant's communications with its litigation attorney are not privileged is not persuasive. Defendant can have privileged communications with its litigation attorney while it

3

continues to consider Plaintiff's claim. There is no indication that the communications were business as opposed to legal communications.

Defendant's presentation of its privilege log and the fact that all the communications were with outside litigation counsel after litigation was filed, is sufficient to support Defendant's claim of privilege absent some information from Plaintiff to suggest that the communications were not privileged. Plaintiff's Motion to Compel is denied as to Interrogatory No. 13.

Request for Production No. 2:

Plaintiff's Motion to Compel is denied as to Request for Production no. 2 for the reasons set forth concerning Interrogatory No. 13.

Request for Production No. 8:

Plaintiff asked for all documents relating to reserves set for Plaintiff's UIM claims. Defendant responded that the reserves are in the claim file and that it will produce additional documentation regarding its reserve policy. Plaintiff contends Defendant should specifically identify which documents it relied on in setting the reserves and produce the reference and training documents regarding how to set reserves.

The relevance and discoverability of reserves set in the case is a close question. Reference and training materials about how to set reserves are less relevant. Whether Defendant properly set the reserve is not an issue in the case. Therefore, Defendant's response is sufficient. Plaintiff's Motion to Compel is denied as to Request for Production No. 8.

Request for Production No. 11:

Plaintiff asked for the personnel files of Defendant's employees who handled Plaintiff's claim and their supervisors'. Defendant responded that its employees' personnel files are private, confidential, and irrelevant.

The Court finds that information in the personnel files of Defendant's employees who actually handled Plaintiff's claim are relevant to the extent that they show the employees' background, qualifications, training, and job performance.

Plaintiff's Motion to Compel is granted as to Request for Production No. 11 as set forth herein.

Request for Production No. 21:

Plaintiff asked for: "All documents within the last five (5) years, including but not limited to legal opinions relied upon, which relate to whether, in Oklahoma, a first party insurance carrier may withhold undisputed portions of UIM benefits from a policyholder until all disputed portions of the claim are resolved." [Dkt. 24-1, p. 18].

Defendant responded that there is no controlling Oklahoma law requiring such payments. Plaintiff contends Defendant's answer is not responsive to the question. The Court agrees.

If Defendant has responsive documents it uses in handling claims, the attorney-client privilege may not apply. If Defendant has responsive documents which are covered by the attorney-client privilege, they should be listed in a privilege log.

Plaintiff's Motion to compel is granted as to the Request for Production No. 21 to the extent Defendant has responsive documents that are not privileged.

Conclusion

Plaintiff's Motion to Compel [Dkt. 24] is GRANTED IN PART and DENIED IN PART as set forth herein.

SO ORDERED this 7th day of October, 2011.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE